1

2

3

4

5

6

7

8                           UNITED STATES DISTRICT COURT

9                        FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   GUSTAVO D. NEWBERY,                        No.  20-cv-2167 KJM DB

12                  Petitioner,

13        v.                                     FINDINGS AND RECOMMENDATIONS

14   PATRICK COVELLO,

15                  Respondent.

16

17        Petitioner is a state prisoner proceeding pro se with a petition for a writ of habeas corpus

18   pursuant to 28 U.S.C. § 2254.  Petitioner alleges he is entitled to relief because his trial counsel

19   was ineffective in violation of his rights under the Sixth Amendment.

20        Respondent has moved to dismiss the petition as untimely.  (ECF No. 15.)  By order dated

21   August 16, 2021 petitioner was ordered to either file and serve an opposition to the motion to

22   dismiss or show cause in writing why this action should not be dismissed as untimely within

23   twenty days.  (ECF No. 17.)  Those twenty days have passed, and plaintiff has not filed a

24   response, requested additional time to file a response, or otherwise responded to the court's order.

25   Accordingly, for the reasons set forth below, the undersigned will recommend that the petition be

26   for petitioner's failure to prosecute and because it is untimely.

27   ////

28   ////

                                            1

1    **I.      Background**

2          Petitioner initiated this action by filing the petition on October 25, 2020.[1]  (ECF No. 1.)

3    The petition was screened, and respondent was directed to file a response to the petition.  (ECF

4    No. 10.)  Thereafter, respondent filed the instant motion to dismiss.  (ECF No. 15.)  As set forth

5    above, petitioner has not filed an opposition or statement of non-opposition in response to the

6    motion to dismiss.

7    **II.     Respondent's Motion to Dismiss**

8          Respondent argues the petition should be dismissed as untimely.  (ECF No. 15.)  In

9    support of the motion respondent has lodged[2] relevant documents from the state court record.

10   (ECF No. 16.)

11         Respondent alleges that petitioner's criminal conviction became final sixty days after he

12   was sentenced because he did not file an appeal.  (ECF No. 15 at 3.)  Respondent further claims

13   that petitioner filed his federal petition after the expiration of the statute of limitations set forth in

14   the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2244(d) and he is not

15   entitled to tolling.  (Id. at 4.)

16   **III.    Legal Standards**

17         **A.  Motion to Dismiss**

18         Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a

19   petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not

20   entitled to relief in the district court . . . ."  Rule 4, Rules Governing Section 2254 Cases; see also

21   White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (meritorious motions to dismiss permitted

22   under Rule 4); Gutierrez v. Griggs, 695 F.2d 1195, 1198 (9th Cir. 1983) (Rule 4 "explicitly

23   allows a district court to dismiss summarily the petition on the merits when no claim for relief is

24   stated"); Vargas v. Adler, No. 1:08-cv-1592 YNP [DLB] (HC), 2010 WL 703211, at *2 (E.D.

25   ───────────────

26   [1] Pursuant to the prison mailbox rule, prisoners are deemed to have filed documents with the court
     on the date they signed and gave them to prison authorities for mailing.  See Houston v. Lack,
     487 U.S. 266, 270 (1988).

27

28   [2] The documents from the state court record are identified by their Lodged Document number,
     "LD," assigned to them by respondent.

2

1  Cal. 2010) (granting motion to dismiss a habeas claim for failure to state a cognizable federal

2  claim).  Moreover, the Advisory Committee Notes to Rule 8 of the Rules Governing Section 2254

3  Cases indicate that the court may dismiss a petition for writ of habeas corpus: on its own motion

4  under Rule 4; pursuant to the respondent's motion to dismiss; or after an answer to the petition

5  has been filed.  See, e.g., Miles v. Schwarzenegger, No. CIV S-07-1360 LKK EFB P, 2008 WL

6  3244143, at *1 (E.D. Cal. Aug. 7, 2008) (dismissing habeas petition pursuant to respondent's

7  motion to dismiss for failure to state a claim), rep. and reco. adopted, No. CIV S-07-1360 (E.D.

8  Cal. Sept. 26, 2008).  However, a petition for writ of habeas corpus should not be dismissed

9  without leave to amend unless it appears that no tenable claim for relief can be pleaded were such

10  leave granted.  Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971) (per curium).

11  **B.  Statute of Limitations**

12  Section 2244(d)(1) of Title 28 of the United States Code contains a one-year statute of

13  limitations for filing a habeas petition in federal court.  The statute of limitations provides:

14  The limitation period shall run from the latest of—

15
16  (A) The date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

17
18
19  (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

20
21  (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

22
23  (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

24  28 U.S.C. § 2244(d)(1).

25  **IV.   Analysis**

26  Petitioner was sentenced on November 16, 2018.  (LD 1.)  He did not appeal his

27  conviction.  Thus, for purposes of federal habeas review, petitioner's conviction became final

28  sixty days later on January 15, 2019.  See Cal. Rules of Court, Rule 8.308; Lewis v. Mitchell, 173

3

1    F. Supp. 2d 1057, 1060 ("The petitioner did not appeal her conviction to the California Court of

2    Appeal, and the conviction became final 60 days after petitioner was sentenced.").  The AEDPA

3    statute of limitations began running the following day on January 16, 2019 and expired on

4    January 15, 2020.  Petitioner filed the instant federal petition on October 25, 2020, approximately

5    ten months after the expiration of the statute of limitations.  Accordingly, the petition is untimely

6    unless petitioner is entitled to the benefit of tolling.

7         Petitioner filed three habeas petitions in state court.  The first was filed on December 4,

8    2018 and denied on January 11, 2019.  (LD 2, 3.)  This petition has no effect on the statute of

9    limitations because it was filed and denied before petitioner's conviction became final.  Waldrip

10   v. Hall, 548 F.3d 729, 735 (9th Cir. 2008) (petition denied before statute of limitations began to

11   run "had no effect on the timeliness of the ultimate federal filing"); Pough v. Marshall, 470 F.

12   App'x 567, 568 (9th Cir. 2012) (petitioner filed before limitations period began did not toll statute

13   of limitations because petition was not pending during the time the statute of limitations was

14   running).

15        After the expiration of the statute of limitations on January 15, 2020, petitioner filed two

16   more habeas petitions in state court.  Petitioner filed a petition in the Sacramento Superior Court

17   on January 19, 2020 (LD 4), and in the California Supreme Court on July 21, 2020 (LD 6).  Both

18   petitions were denied.  (LD 5; LD 7.)  State petitions filed after the expiration of the statute of

19   limitations have no effect on tolling.  Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003)

20   ("section 2244(d) does not permit the reinitiation of the limitations period that has ended before

21   the state petition was filed").  The two petitions filed after the expiration of the statute of

22   limitations do not revive the statue of limitations and have no tolling effect.

23        Additionally, in the absence of any opposition from petitioner the court cannot find that he

24   is entitled to equitable tolling.  Thus, it will recommend that the motion to dismiss be granted and

25   the petition dismissed as untimely.

26   ////

27   ////

28   ////

4

**V.     Conclusion**

For the reasons set forth above, IT IS HEREBY ORDERED that respondent's motion to dismiss (ECF No. 15) be granted and the petition be dismissed as untimely.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C.§ 636(b)(1).  Within fourteen days after being served these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within seven days after service of the objections.  The parties are advised that failure to file objections within the specified time may result in a waiver of the right to appeal the district court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).  In the objections the party may address whether a certificate of appealability should issue in the event an appeal of the judgment in this case is filed.  See Rule 11, Rules Governing § 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).

Dated:  September 22, 2021

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:12
DB/DB Prisoner Inbox/Habeas/S/newb2167.mtd fr

5