UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Gustavo D. Newbery, | No. 2:20-cv-2167-KJM-DB |
| Petitioner, | ORDER |
| v. | |
| Patrick Covello, | |
| Respondent. | |

Petitioner seeks permission from the court to "continue" – effectively reopen – this closed federal habeas corpus action filed under 28 U.S.C. § 2254. *See* Mot., ECF No. 23. The court construes this request as a motion to reconsider. For the reasons set forth below, the court **grants** petitioner's motion.

On June 28, 2021, respondent filed a motion to dismiss the federal habeas petition as untimely. MTD, ECF No. 15. Respondent alleged petitioner filed his application for federal habeas relief after the statute of limitations period had expired under 28 U.S.C. § 2244(d) and was therefore time-barred. *Id.* at 2–4. Despite a court order to either file an opposition to the motion to dismiss or to show cause why the action should not be dismissed for failure to prosecute and failure to comply with court orders, *see* OSC, ECF No. 17, petitioner did not respond. The magistrate judge then recommended granting respondent's motion to dismiss the federal habeas petition as untimely. F. & R. at 4, ECF No. 18. In reaching this decision, the magistrate judge

1

noted the court could not find whether it was proper to extend petitioner's deadline to file the petition under equitable tolling "in the absence of any opposition from petitioner." *Id.* at 4. Petitioner did not file any objections and this court adopted the findings and recommendations on May 23, 2022. Prior Order, ECF No. 19. Now, over a year later, petitioner has filed the instant motion.

Where, as here, the court's ruling has resulted in a final judgment or order, a motion for reconsideration is appropriately brought under either Federal Rule of Civil Procedure 59(e) or Rule 60(b). *Fuller v. M.G. Jewelry*, 950 F. 2d 1437, 1442 (9th Cir. 1991) (citing *Taylor v. Knapp*, 871 F. 2d 803, 805 (9th Cir. 1989)). A motion is construed as a motion to alter or amend judgment under Federal Rule of Civil Procedure 59(e) if it is filed no later than 28 days after the entry of the judgment. *See Am. Ironworks & Erectors, Inc. v. N. Am. Constr. Corp.*, 248 F.3d 892, 898-99 (9th Cir. 2001). Because petitioner's motion for reconsideration was filed more than a year after the court issued the final judgment, this court construes petitioner's request for reconsideration under Rule 60(b).

Rule 60(b) permits a district court to relieve a party from a final judgment or order for "any [] reason that justifies relief." Fed. R. Civ. P. 60(b)(6). However, the moving party must show "extraordinary circumstances justifying the reopening of a final judgment," *see Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005), and the motion "must be made within a reasonable time." Fed. R. Civ. P. 60(c)(1). To prevail, the Ninth Circuit holds a party "must demonstrate both injury and circumstances beyond his control that prevented him from proceeding with the action in a proper fashion." *Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008) (internal citation and quotations omitted). Further, under Local Rule 230(j) a moving party must state "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." E.D. Cal. L.R. 230(j)(3)–(4). While "such circumstances occur rarely in the habeas context, Rule 60(b)(6) can and should be 'used sparingly as an equitable remedy to prevent manifest injustice.'" *Hall v. Haws*, 861 F.3d 977, 987 (9th Cir. 2017) (quoting *United States v. Alpine Land & Reservoir Co.*, 984 F.2d 1047, 1049 (9th Cir. 1993)).

1    Here, petitioner alleges he was so late in responding because of circumstances "out of [his] control." Mot., at 1. Specifically, petitioner claims another inmate accidentally took all of petitioner's court documents when the inmate was transferred. *See id.* Petitioner claims he has been "trying . . . to find out how [he] can receive [his] document[s] back." *Id.* Now, petitioner claims he has finally been able to "gather some of [his] lost court document[s]." *Id.* The court finds petitioner has shown extraordinary circumstances outside his control prevented him from making timely filings.

However, petitioner must also file his motion for reconsideration "within a reasonable time." Fed. R. Civ. P. 60(c)(1). "What constitutes 'reasonable time' depends upon the facts of each case, taking into consideration the interest in finality, the reason for delay, the practical ability of the litigant to learn earlier of the grounds relied upon, and prejudice to the other parties." *Lemoge v. United States*, 587 F.3d 1188, 1196–97 (9th Cir. 2009) (quoting *Ashford v. Steuart*, 657 F.2d 1053, 1055 (9th Cir.1981) (per curiam)). In evaluating timeliness, the Ninth Circuit has looked to a petitioner's diligence, which "does not require an overzealous or extreme pursuit of any and every avenue of relief," but "instead it requires the effort that a reasonable person might be expected to deliver under his or her particular circumstances." *See Hall*, 861 F.3d at 987–88 (internal citation and quotation omitted) (upholding the grant of a Rule 60(b)(6) motion, filed over three years after the district court dismissed the pro se habeas petition).

In this case, petitioner's motion was brought more than a year after the case was dismissed as untimely. On balance, in light of the record here, the court finds this delay reasonable under the totality of the circumstances. First, petitioner, a pro se litigant who "understand[s] very little [E]nglish," represents he worked to determine how to retrieve his lost court documents, which were taken in an incident outside his control. *See* Mot. at 1. Once he retrieved them, he filed the instant motion. *Id.* Second, while taking into account the interest in finality, the court finds reopening the case solely to allow petitioner an opportunity to object to the magistrate judge's findings and recommendations prevents manifest injustice under these circumstances. Finally, /////

the court finds respondent will not be unduly prejudiced nor burdened as respondent will have the opportunity to respond—or not—to petitioner's objections.

Accordingly, petitioner's motion for reconsideration is granted to the extent the court will allow petitioner an opportunity to object to the magistrate judge's findings and recommendations and show why this petition is not time-barred under 28 U.S.C. § 2244(d). Petitioner is advised that failure to file an objection which focuses on the issues outlined in the magistrate judge's findings and recommendations, *see* ECF No. 18, may result in dismissal of this petition.

Accordingly, IT IS HEREBY ORDERED that:

1. The court's prior order, ECF No. 19, and the judgment thereon are vacated; and
2. Petitioner shall file objections to the magistrate judge's findings and recommendations, ECF No. 18, within thirty days after service of this order, and any response to the objections shall be filed and served within fourteen days thereafter.

This order resolves ECF No. 23.

IT IS SO ORDERED.

DATED: January 5, 2024.

_____
CHIEF UNITED STATES DISTRICT JUDGE