UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Gustavo D. Newbery, | No. 2:20-cv-2167-KJM-SCR |
| Petitioner, | ORDER |
| v. | |
| Patrick Covello, | |
| Respondent. | |

This court previously granted petitioner Gustavo D. Newbery's request to effectively reopen this closed federal habeas corpus action and respond to the magistrate judge's findings and recommendations. *See* Prior Order (Jan. 5, 2024), ECF No. 24. The court advised petitioner that a failure to focus his objections on the issues raised in the magistrate judge's findings and recommendations could result in dismissal of the petition. *Id.* at 4. Specifically, the court noted petitioner needed to explain why this petition was not time-barred under 28 U.S.C. § 2244(d). *Id.* Petitioner has now filed objections, *see* Obj., ECF No. 25, and no response was filed.

As the magistrate judge noted in the findings and recommendations, there is a one-year statute of limitations for filing a habeas petition in federal court. *See* 28 U.S.C. § 2244(d). Here, because the petition was filed ten months after the deadline, the petition is untimely under 28 U.S.C. § 2244(d) unless equitable tolling applies. *See* F&Rs at 3–4, ECF No. 18. "A habeas petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights

1

diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Fue v. Biter*, 842 F.3d 650, 653 (9th Cir. 2016) (internal marks and citation omitted). "This is a very high bar and is reserved for rare cases." *Yow Ming Yeh v. Martel*, 751 F.3d 1075, 1077 (9th Cir. 2014) (citation omitted).  Petitioner has not demonstrated such circumstances apply in this case.  In his objections, petitioner only reiterates his ineffective assistance of counsel arguments.  *See generally* Obj.  Given this, the court finds petitioner is not entitled to equitable tolling in this action.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed September 22, 2021, are adopted in full;
2. Respondent's motion to dismiss, ECF No. 15, is granted;
3. The petition is dismissed as untimely; and
4. The clerk of court is directed to close this case.

DATED:  October 1, 2024.

UNITED STATES DISTRICT JUDGE